UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CUSTOMS AND TAX CONSULTANCY LLC, Original
Petitioner by LAKESIDE LITIGATION LLC,

                      Assignee-Petitioner-Creditor,

-v-

                                                                   1:21-mc-00464 (JGK)

THE DEMOCRATIC REPUBLIC OF CONGO,

                      Respondent-Judgment Debtor.
------------------------------------------------------------------------x

## STIPULATION AND ORDER
## GOVERNING CONFIDENTIAL MATERIAL

        IT IS HEREBY STIPULATED AND AGREED (the "Stipulation") by and between Assignee-Petitioner-Creditor Customs and Tax Consultancy LLC ("Plaintiff"), by its attorneys, Davidoff Hutcher & Citron LLP, and non-party Wells Fargo Bank, N.A. ("Wells Fargo," and collectively with Plaintiff, the "Parties"), in the above-captioned action (the "Action"), subject to the approval of the Court that:

        1.       This Stipulation and Order governs the treatment of documents, depositions and deposition exhibits, interrogatory answers, responses to requests to admit, responses to demands under Rule 26.1 of the Local Civil Rules of this Court and any other and other written, recorded or graphic matter ("Discovery Material") produced by or obtained from any party or non-party (the "Producing Person") in the Action that is designated confidential by the Producing Person in accordance with the procedures set forth below.

        2.       Any Producing Person may designate any Discovery Material produced, given or exchanged during the conduct of the Action as "Confidential" if the Producing Person in good faith believes that such Discovery Material contains information that contains personal identifying or financial information, is non-public and proprietary or sensitive from a

1

commercial or financial point of view. All Discovery Materials designated "Confidential" or required to be treated as "Confidential," and the information contained or reflected therein or derived therefrom, shall be referred to in this Stipulation and Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of the Stipulation and Order.

3. This Stipulation and Order is without prejudice to any Producing Party's right to assert that Discovery Material is subject to a claim of privilege or protection from disclosure on the basis of the attorney-client privilege, attorney work product, or on the basis that it was prepared in anticipation of litigation, or on any other ground of privilege, and is without prejudice to any other party's right to contest such an assertion.

4. If Discovery Material subject to a claim of privilege or protection from disclosure on the basis of the attorney-client privilege, attorney work product, or on the basis that it was prepared in anticipation of litigation, or on any other ground of privilege is nevertheless inadvertently produced by a Producing Party, such production shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim that the Discovery Material is privileged or otherwise protected from disclosure. If a claim of inadvertent production is made pursuant to this paragraph with respect to Discovery Material then in the custody of another party, such party shall promptly return to the Producing Party or destroy that Discovery Material within its possession, custody or control as to which the claim of inadvertent production has been made. In addition, the receiving party shall destroy all notes or work product reflecting the contents of such Discovery Material, and shall not use such Discovery Material, or the information contained therein, for any purpose in the Action or in any other action.

5. Confidential Discovery Material shall be used only in connection with the Action or proceedings relating to enforcement of the judgments entered in the Action or any

foreign judgment derived therefrom, (such judgments, the "Judgments" and such proceedings, "Related Proceedings"), and may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent court orders, or with the explicit consent in writing of the Producing Person with respect to specifically identified Confidential Discovery Material.

6.  (a) Copies or originals of Confidential Discovery Material which are delivered to parties in the Action or otherwise leave the possession of the Producing Person shall be designated by marking or stamping them "Confidential." With respect to multi-page documents which contain "Confidential" information, the designation may be made by marking only the first page thereof "Confidential" so long as such multi-page documents are securely bound. With respect to electronically produced documents, the designation may be made by affixing the legend "Confidential" to the media containing the Discovery Material.

(b) The Producing Person may, on the record of a deposition, or within thirty (30) business days after receipt of the final transcript of such deposition, designate any portion or portions of the deposition, including exhibits, as "Confidential" under the terms of this Stipulation and Order. Until such time period expires without any designation having been made, the entire deposition transcript shall be treated as "Confidential" unless otherwise specified in writing or on the record of the deposition by the Producing Person. All copies of deposition transcripts that contain material designated as Confidential Discovery Material shall be prominently marked "Confidential" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal.

7.  Confidential Discovery Material designated as "Confidential" or information derived therefrom may be disclosed or made available only to the following persons without written consent from the Producing Person:

3

(a) outside litigation counsel that have appeared in the Action or Related Proceedings and attorneys, clerical, paralegal and secretarial staff employed by such counsel, provided that the signature on this Stipulation and Order of a member of a law firm acting as litigation counsel to a party shall constitute an agreement by all lawyers in, and regular and temporary employees of, that firm to be so bound;

(b) experts or consultants retained in good faith to assist counsel in the Action or Related Proceedings, provided that any such experts or consultants execute an undertaking to be bound by this Stipulation and Order in the form attached hereto prior to disclosure and a copy of such signed undertaking is retained by counsel for the party making disclosure to the expert or consultant, so that it may be shown to counsel for the Producing Person upon a showing of good cause;

(c) the parties and inside counsel, officers, directors, partners, members, employees or former employees of the parties assisting in the prosecution or defense of the Action or Related Proceedings, provided that counsel making such disclosure shall inform each such person that the matter is confidential and may not be disclosed or used except as provided in this Stipulation and Order;

(d) the Court or any court presiding over any Related Proceedings, pursuant to Paragraph 10 of this Stipulation and Order and any associated Court personnel;

(e) employees of outside copy services used to make copies of Discovery Materials;

(f) witnesses deposed in the Action or any Related Proceedings, or who appear at any hearing or trial in the Action or any Related Proceedings, but only to the extent disclosure occurs in preparation for and/or during such deposition, hearing or trial, provided that

4

counsel making such disclosure shall inform each such person that the material is confidential and may not be disclosed or used except as provided in this Stipulation and Order;

(g) court reporters who record testimony taken in the course of the Action or any Related Proceedings.

8. In the event additional persons become parties to the Action or any Related Proceedings, neither they, their outside counsel, nor experts or consultants retained to assist said counsel shall be afforded access to Confidential Discovery Material produced by or obtained from any other Producing Person until said parties have executed and filed with this Court a copy of this Stipulation and Order.

9. Should any non-party serve a subpoena for the production of any Confidential Discovery Material to any party or counsel for a party who has received such material, the subpoenaed party in such instance shall provide notice to the Producing Person by promptly transmitting a copy of the subpoena via email to counsel for the Producing Person. It shall be the obligation of the Producing Person, prior to the response date on the subpoena, to seek a protective order or any other appropriate relief from the Court if the Producing Person wishes to maintain the confidentiality of the material. If the Producing Person fails to seek judicial relief to preclude the disclosure of Confidential Discovery Material in response to a subpoena, he shall be deemed to have waived any claim of confidentiality with respect to such material.

10. In the event that counsel for any party determines to file with this Court or a court presiding over any Related Proceedings any pleadings, motions or briefs or other papers which contain or disclose Confidential Information, such papers shall be filed under seal or

submitted to the court in such manner as is agreed upon by the parties hereto (or ordered by the court) and a statement substantially in the following form shall be endorsed on the cover:

"CONFIDENTIAL — SUBJECT TO COURT ORDER"

All such materials filed in the Action shall be accepted by the Clerk of the Court for filing and shall be maintained by the Clerk separate from public records and shall be released only upon further Order of this Court. All such materials filed in this Court shall be filed pursuant to Standing Order M-10-468 issued by S.D.N.Y. Chief Judge Mukasey on October 5, 2001, which provides:

> Sealed records which have been filed with the clerk shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after the final disposition of the appeal. Parties failing to comply with this order shall be notified by the clerk that, should they fail to remove the sealed records within thirty (30) days, the clerk may dispose of them.

11. Inadvertent production of any Discovery Material without it being marked "Confidential" shall not be deemed a waiver of any claim of confidentiality as to that Discovery Material. If a Producing Person fails to mark an item as Confidential Discovery Material at the time of production, that Producing Person may correct his failure in writing accompanied by substitute copies of each item, container or folder, appropriately marked "Confidential."

12. This Stipulation and Order has no effect upon, and its scope shall not extend to, any Producing Person's use of its own Confidential Discovery Material.

13. Any party receiving Confidential Discovery Material shall have the right at any time to challenge any designation of confidentiality by the Producing Person by seeking an order of the Court with respect to any information, document or thing designated as Confidential Discovery Material. On any such application, the burden of proof shall be on the

Producing Person and shall not be affected by the Stipulation and Order. All parties receiving such materials or information shall abide by the designation during the pendency of such motion. The parties agree that, before seeking any relief from the Court under this paragraph, they will make a good faith effort to resolve among themselves any dispute concerning the confidential treatment of any such material.

14. This Stipulation and Order shall have no effect on the admissibility or discoverability of any Discovery Material.

15. After the termination of the Action and all Related Proceedings, this Stipulation and Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of its provisions.

16. Within thirty (30) days after the final conclusion of all aspects of the Action and all Related Proceedings by satisfaction in full of the Judgments or by settlement, all Confidential Discovery Material supplied by a Producing Person and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall be returned to the Producing Person, or the party's counsel shall certify to the Producing Person that all such materials have been destroyed. As to those materials containing Confidential Discovery Material that constitute counsel's work product, were served in this Action or any Related Proceedings, filed with this Court or the court presiding over any Related Proceedings, and/or marked as trial exhibits, counsel may retain such documents if such counsel otherwise comply with this Stipulation and Order with respect to such retained material.

17. The Parties agree to seek the approval of the Court with respect to this Stipulation and Order. Notwithstanding the pendency of approval by the Court, this Stipulation

Case 1:21-mc-00464-JGK Document 8 Filed 07/06/22 Page 8 of 10
Case 1:21-mc-00464-JGK Document 9 Filed 07/07/22 Page 8 of 10

and Order shall become effective among such parties who have executed this agreement immediately upon such execution. If approval by the Court is ultimately denied, no party shall treat any Confidential Discovery Material produced prior to that time other than as provided herein.

    18.    In the event of a disclosure by a receiving Party of Confidential Information to persons or entities not authorized by this Agreement to receive such material, the Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Information subject to this Agreement, immediately make reasonable efforts to recover the disclosed Confidential Information as well as preclude further dissemination or use by the person or entity to whom the disclosure was made, and immediately notify the producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential Information and ensure against further dissemination or use thereof. Disclosure of Confidential Information other than in accordance with the terms of this Agreement may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

    19.    Nothing in this Stipulation and Order shall be construed as prejudicing any Producing Person's right to seek an agreement or court order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action. Nothing in this Stipulation and Order shall be construed as prejudicing any application for an order modifying this Stipulation and Order for good cause. In the event that a party moves the court for an order modifying this Stipulation and Order, or authorizing disclosure of Confidential Information other than as authorized by this Stipulation, the moving party promptly shall notify

the counsel for the Producing Party by email. However, until such agreement or order is obtained, this Stipulation and Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

20. This Stipulation and Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflicts of law principles of the State of New York. Any dispute between the parties regarding this Stipulation and Order, shall be resolved by making an appropriate application to this Court in accordance with the Rules thereof.

21. This Stipulation and Order may be executed in counterparts. This Stipulation and Order shall become effective as a stipulation among the parties immediately upon its execution.

Dated: New York, New York
July 6, 2022

DAVIDOFF HUTCHER & CITRON LLP LLP

/s/ Joshua Krakowsky
Joshua Krakowsky
jsk@dhclegal.com
605 Third Avenue, 34th Fl.
New York, New York 10158
Tel: (646) 428-3268

*Attorney for Customs and Tax Consultancy LLC, Original Petitioner by Lakeside Litigation LLC, Assignee-Petitioner-Creditor*

MAYER BROWN LLP

/s/ Jarman D. Russell
Jarman D. Russell
JRussell@mayerbrown.com
1221 Avenue of the Americas
New York 10020-1001
Tel: (212) 506-2500

*Attorney for Wells Fargo Bank, N.A*

**SO ORDERED**

Dated: 2/7/22

This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.
So ordered.
7/7/22 John G. Koeltl / USDJ

JOHN G. KOELTL
United States District Judge

NITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
CUSTOMS AND TAX CONSULTANCY LLC, Original
Petitioner by LAKESIDE LITIGATION LLC,

        Assignee-Petitioner-Creditor,

-v-

                                                        1:21-mc-00464 (JGK)

THE DEMOCRATIC REPUBLIC OF CONGO,

        Respondent-Judgment Debtor.
-------------------------------------------------------------------------x

## UNDERTAKING REGARDING CONFIDENTIALITY STIPULATION AND ORDER

        I, _____, have read and understand the Stipulation and Order Governing Confidential Material dated as of June __, 2022, in the above-captioned litigation, and I agree to be bound by and comply with its terms. I further agree to be subject to the jurisdiction of the United States District Court for the Southern District of New York in connection with any dispute thereunder.

                                          Signature: _____

                                          Name: _____

                                          Date: _____