**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| LAKESIDE LITIGATION I, LLC, |
| Petitioner |
| v. |
| THE DEMOCRATIC REPUBLIC OF CONGO |
| Respondent. |

No. 1:21-mc-00464 (JGK)

### STIPULATION AND (PROPOSED) ORDER FOR PROTECTIVE AGREEMENT

WHEREAS, in respect to the above-captioned action in the United States District Court for the District of Columbia (the "Court") Judgment Creditor and the undersigned non-party Producing Party, through counsel, agree to the following terms;

WHEREAS, Judgment Creditor and the undersigned non-party Producing Party acknowledge that this Stipulated Protective Agreement ("Agreement") does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, Judgment Creditor and the undersigned non-party Producing Party further acknowledge that this Agreement does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of Judgment Creditor and the undersigned non-party Producing Party that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, Judgment Creditor and the undersigned non-party Producing Party, including their representatives, agents, experts and consultants, agree to adhere to the following terms:

1. Any person subject to this Agreement who receives from any other person subject to this Agreement any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Agreement (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. All documents and information protected by this Agreement shall be used for the purposes of the above styled matter.

3. The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause

harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

    (a). non-public banking or financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    (b). non-public material relating to ownership or control of any non-public company;

    (c). non-public business plans, product development information, or marketing plans;

    (d). any information of a personal or intimate nature regarding any individual; or

    (e). any other category of information hereinafter given confidential status by the Court.

4. The inadvertent disclosure by Wells Fargo Bank, N.A. ("Wells Fargo") of any information subject to a claim of attorney-client privilege, attorney work product, or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim. Neither shall this Agreement be construed as requiring Wells Fargo, or any other branch or subsidiary of Wells Fargo, to commit any act that would violate any domestic federal, state, or local law, or any law of a foreign jurisdiction. The inadvertent disclosure in violation of such law shall not be considered as a waiver thereof.

5. Production or disclosure of Confidential Information under this Agreement shall not prejudice any of Wells Fargo's rights to maintain the trade secret status or confidentiality of that information for any other purpose.

6. With respect to the Confidential portion of any Discovery Material, the producing person or that person's counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; or (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

7. Recipients of Confidential Discovery Material under this Agreement may use such material solely for the prosecution and defense of this action and actions directly related to the enforcement of a judgment in this action, including any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, competitive or other litigation purpose. Nothing contained in this Agreement, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Agreement limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through this action.

8. Nothing in this Agreement will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the

subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

9. Any person that intends to file Confidential Discovery Material in any action shall make a reasonable effort to prevent the Confidential Discovery Material from becoming part of the public record, including, without limitation, requesting that the Confidential Discovery Material be filed under seal. If the Court denies leave to file under seal or if such mechanism is not available in the Action, a person must redact from a public filing all Confidential Discovery Material that is not material to the purpose for which the document is filed. All persons seeking to file documents under seal with the Court shall follow the applicable Federal Rules of Civil Procedure and the applicable Local Rules of the United States District Courts. All persons producing Confidential Discovery Material are deemed to be on notice that United States Courts of Appeals put limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption a court will agree that Confidential Discovery Material may be filed with the Court under seal. Judgment Creditor and the undersigned non-party Producing Party will use their best efforts to minimize such sealing.

10. All persons are hereby placed on notice that the Court may not seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

11. Judgment Creditor or the undersigned non-party Producing Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

12. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Agreement in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

14. Notwithstanding the foregoing, Discovery Material that has been publicly disclosed in accordance with this Protective Order shall not be subject to a "Confidential" designation under this Agreement.

15. This Agreement shall survive the termination of the litigation and shall remain in effect until Judgment Creditor and the undersigned non-party Producing Party agree otherwise in writing or a court order otherwise directs.

16. The Court shall retain jurisdiction over all persons subject to this Agreement to the extent necessary to enforce any obligations arising hereunder.

17. This Agreement may be superseded by any Protective Order entered by the Court in this action.

18. This Agreement may be executed in counterparts.

DATED: November 5, 2024

By: /s/ Gregg Badichek
Gregg Badichek (Bar No. 90011157)
1300 I Street, NW, Suite 900
Washington, DC 20005
202-538-8000 Main Office Number
202-538-8100 FAX

*Counsel for Petitioner Lakeside Litigation I, LLC*

> *[Handwritten note:]* This agreement is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

By: /s/ Jarman D. Russell
Jarman D. Russell
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
jrussell@mayerbrown.com

Alex C. Lakatos
1999 K Street NW
Washington, DC 20006
(202) 263-3000
alakatos@mayerbrown.com

*Counsel for Non-Party Wells Fargo Bank, N.A.*

**SO ORDERED.**

Date: 11/6/, 2024

/s/ John G. Koeltl
JOHN G. KOELTL
United States District Court Judge

4